UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DOCIA EARLEY                                                          PLAINTIFF

v.                                          CIVIL ACTION NO. 3:07-CV-545-S

SUNBEAM PRODUCTS, INC., et al.                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      This matter is before the court upon the motion of the defendants Jarden Corporation ("Jarden") and American Household, Inc. ("American Household"), for summary judgment (DN 16). Plaintiff, Docia Earley ("Earley") alleges that she was burned while using a Sunbeam brand heating pad. Earley has sued Sunbeam Products, Inc. ("Sunbeam" or "Sunbeam Products, Inc."), Jarden, and American Household under product liability theories of strict liability, negligence, and breach of warranty. In its answer to Earley's complaint, Sunbeam admitted that it designed, manufactured, and distributed the heating pad in question. Jarden and American Household deny any involvement with the design, manufacture, distribution, or sale of the heating pad and have moved for summary judgment on the grounds that they are not proper parties to this action.

      A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct.

2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

Jarden and American Household have proffered the affidavit of Richard J. Prins, Senior Director and Product Safety Engineer for Sunbeam, in which Prins states that he is employed by Sunbeam, that he inspected the heating pad in question, and that it was designed, manufactured, and distributed by Sunbeam. Prins also states in the affidavit that Jarden and American Household had no involvement in the design, manufacture, distribution or sale of the heating pad. Earley has proffered a 2003 affidavit given by Prins a case styled *Bradley v. Sunbeam Corporation*, Case No. 599-CV-144 (N.D.W.Va.) in which Prins stated that he was, and had been, employed by American Household, its successors, predecessors or subsidiaries since 1980. Earley contends that Prins' dual role as product safety engineer for both American Household and Sunbeam suggests that American Household may have been involved in design, manufacture, distribution, or sale of the heating pad in question. Earley also contends that Jarden's corporate structure as described on its website, and its November 2007 10-Q filing creates an issue of fact as to whether Jarden designs, manufactures, distributes, and sells heating pads.[1]

---

[1] Jarden's website indicates that in 2001, Sunbeam Corporation filed for bankruptcy protection. In 2002 Sunbeam Corporation emerged from bankruptcy protection as American Household. American Household's former household products division became Sunbeam Products, Inc. In 2005, American Household was acquired by Jarden.

Jarden's 10-Q filing states that "In the Consumer Solutions segment, the Company manufactures or sources, markets and distributes and licenses rights to an array of innovative consumer products...such as...heating pads.... Personal care and grooming products are sold under the... Sunbeam brand names."

The court finds that neither the 2003 Prins affidavit nor the November 2007 10-Q create an issue of fact as to whether Jarden and American Household were involved in the design, manufacture, distribution or sale of the heating pad. Prins' 2003 affidavit states that he has been continuously employed by Sunbeam and its *predecessors* since 1980. American Household was a predecessor parent company of Sunbeam. Prins' previous employment with American Household in no way suggests that American Household or Jarden was involved in the design, manufacture, distribution, and sale of the heating pad at issue in this case. Moreover, the relevant portion of Jarden's November 2007 10-Q clearly refers to the activities of Jarden's subsidiaries, and not the activities of Jarden itself.

Earley has noted that no discovery has been taken in this action, nor has a scheduling order been entered. However, Earley has not filed a Rule 56(f) affidavit detailing her need for discovery. Therefore, the court finds dismissal of Jarden and American Household to be proper at this time and their motion for summary judgment will be granted.

For the reasons stated herein, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendants, Jarden Corporation and American Household, Inc. for summary judgment (DN 16) is **GRANTED** and plaintiff's claims against Jarden Corporation and American Household, Inc. are **DISMISSED.**

**IT IS SO ORDERED** this